FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 20  AM 8: 45

LORETTA G. WHYTE
         CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT HARRISON, ISAIAH SOLOMON JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 05-1325** |
| **JAMES D. MILLER, JR., ROBERT TANNER, JOHN TULLIS, LT. KELLIS** | **SECTION "N" (4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e (c)(1) and(2)**. In addition, before the Court is the **Motion to Dismiss Plaintiffs' Complaint For Failure to State a Claim for Which Relief Can Be Granted Pursuant to Rule 12(b)(6), Failure to Assert a Case or Controversy and Lack of Standing (Rec. Doc. No. 8)** filed by the defendants. The plaintiffs have each submitted an opposition to the motion. (Rec. Doc. Nos. 9, 11). Upon review of the record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

I.  **Factual Background**

The plaintiffs, Robert Harrison ("Harrison") and Isaiah Solomon, Jr. ("Solomon") are prisoners incarcerated in the Washington Correctional Institute ("WCI") in Angie, Louisiana. The plaintiffs filed this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983 against the defendants, WCI Warden James D. Miller, Jr., Assistant Warden Robert Tanner, Captain John Tullos, and Lieutenant Kellis, seeking damages as a result of the defendants' alleged discriminatory conduct and racist remarks.

The plaintiffs allege that on February 1, 2005, an administrative grievance complaint was filed concerning the "overt racism" practiced at WCI and no answer has ever been received. They indicate that the grievance complained about an incident which occurred in January 2005, when a white officer, Lt. Kellis, made a racial remark to a black officer, Lt. Warren. The plaintiffs also allege that Lt. Warren's remarks sparked an investigation by Captain Tullos, who resolved that there was no merit to the claims. The plaintiffs contend that Lt. Warren went to the Warden's office to complain. The plaintiffs allege that Lt. Warren and the Warden went to Captain Tullos's office where they saw "coons day" written on the calendar space for the Martin Luther King holiday.

The plaintiffs now complain that the prison population is 80% black and there are only three black officers with no higher than a lieutenant's rank and no black medical professionals. The plaintiffs allege that they have overheard officers commenting that no black will ever run anything. They also contend that officers at WCI threaten and attack any inmate who complains about the guards. They further complain that WCI officials place inmates back on the same tier after an altercation in disregard for their safety.

The plaintiffs allege that the racism and deliberate indifference by officers at WCI amount to cruel and unusual punishment and violates the Eighth, Thirteenth, and Fourteenth Amendments to the United States Constitution.

As relief, the plaintiffs seek the promotion of black correctional officers to ranks above lieutenant, termination of the officers who display racism, and employment of black medical professionals. The plaintiffs also seek an order directing the defendants to pay the court costs and attorneys fees in this case. They also want an overseer appointed to insure that the requested relief is carried out.

## II.  Standard of Review for Frivolousness

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). A claim lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court

must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

Having set forth the applicable standard, the Court will conduct its review for frivolousness before considering the defendants' motion to dismiss.

## III.    Analysis

Harrison and Solomon complain that blacks are under represented as ranking officers at WCI, which also has no black medical professionals. The plaintiffs further allege that the guards at WCI have made inappropriate racial comments about black officers within earshot of the inmates. The plaintiffs also allege that these actions and the discriminatory hiring practices constitute cruel and unusual punishment under the Eighth Amendment and violate the Thirteenth and Fourteenth Amendments.

### A.    Employment Discrimination

As an initial matter, the plaintiffs allege that there exists some racial disparity, or discrimination, in the hiring and promotion practices at WCI as evidenced by the lack of African Americans in the higher ranks and on the medical staff. The plaintiffs have not alleged, and the Court cannot find, any basis for the plaintiffs to have standing to challenge the employment practices at the prison which would entitle them to the injunctive relief sought in this case. *Lamar v. Whiteside,* 606 F.2d 88 (5th Cir. 1979) (inmates did not have standing to challenge alleged discrimination in the hiring of staff at a Texas Board of Pardons and Parole).

Title VII of the Civil Rights Act of 1964 prohibits an employer from "discharg[ing] an individual, or otherwise discriminat[ing] against any individual ... because of such individual's race."

*Castlino v. Thomas*, 2005 WL 1578412, slip opinion at *1 (5th Cir. July 6, 2005) (*quoting* Title 42 U.S.C. § 2000e-2(a)(1)). Title VII also prohibits retaliation by employers against <u>employees</u> who have filed a charge of discrimination. *Id.* (*citing* Title 42 U.S.C. § 2000e-3(a)). Absent an employer-employee relationship between the plaintiff and the defendant, the aggrieved plaintiff does not have standing to bring a Title VII claim of discriminatory treatment. *See Diggs v. Harris Hosp.-Methodist, Inc.*, 847 F.2d 270, 272 (5th Cir. 1988); *Broussard v. L.H. Bossier, Inc.*, 789 F.2d 1158, 1159 (5th Cir.1986); *Johnson v. Crown Enters., Inc.*, 294 F. Supp.2d 850, 854 (M.D. La. 2003); *Elie v. Hilton*, 131 F. Supp.2d 835, 837 (W.D. La. 2001). The plaintiffs are not employees of WCI and therefore, have no rights under Title VII. Therefore, the plaintiffs' claims of discriminatory employment practices at WCI are frivolous and otherwise fail to state a claim for which relief can be granted.

### B. Racial Discrimination

Under a broad reading of the complaint, the plaintiffs appear to allege that the lack of ranking black officers and medical personnel at WCI in some way amounts to cruel and unusual punishment under the Eighth Amendment and otherwise violates their Thirteenth and Fourteenth Amendments rights to be free from racial discrimination. The plaintiffs' allegations, however, fail to state a claim for which relief can be granted.

"Federal courts must take cognizance of the valid constitutional claims of prison inmates." *Turner v. Safley*, 482 U.S. 78, 84 (1987). "Inmates [clearly] have the constitutional right to be free from racial discrimination." *Bentley v. Beck*, 625 F.2d 70, 71 (5th Cir. 1980); *Lee v. Washington*, 390 U.S. 333 (1968). However, the constitutional rights that prisoners possess are more limited in

scope than the constitutional rights held by individuals in society at large. *Shaw v. Murphy*, 532 U.S. 223 (2001).

In this case, the plaintiffs have not alleged that they have been victims of any discriminatory acts by any particular defendant. The only allegations relate to activity directed at and between prison officials.

Where the plaintiff has presented "no evidence to go beyond [his] assertions ... conclusory allegations of malice are insufficient to maintain his claim." *Al-Ra'id v. Ingle*, 69 F.3d 28, 32 (5th Cir.1995). Thus, a prisoner's equal protections claim must fail where he does not allege any facts to demonstrate that prison officials "purposefully intended to discriminate against him as a member of an identifiable group." (emphasis added) *Taylor v. Johnson*, 257 F.3d 470, 474 (5th Cir. 2001); *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir.1995) (denying prisoner's equal protection claim because he failed to offer proof of discriminatory intent or a specific act of discrimination); *Phillips v. Norris*, 320 F.3d 844, 848 (8th Cir.2003) (inmate's equal protection claim failed as he did not allege he was a member of a protected class or suffered violations of fundamental right).

The plaintiffs have instead only alleged that they overheard unidentified prison guards make inappropriate racial slurs about black officers and make other nonspecific verbal threats to the inmates. "Where the conduct at issue consists solely of speech, there is no equal protection violation." *Williams v. Bramer*, 180 F.3d 699, 706 (5th Cir.1999). Furthermore, allegations of verbal abuse as well as threatening language and gestures on the part of a correctional officer do not rise to the level of cruel and unusual punishment under the Eighth Amendment. *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993). Even if the language used was offensive, under Title 42 U.S.C. § 1997e(e), an inmate cannot recover for "mental and emotional injury suffered while in custody

without a prior showing of physical injury." Title 42 U.S.C. § 1997e(e); *see also Lamar*, 606 F.2d at 88 (prisoners' claims of adverse psychological effects from the lack of minority representation among the parole board employees did not give rise to a case or controversy under U.S. Const. art. III, §2, cl. 1.). The plaintiffs' claims do not state a claim for which relief can be granted. *Goss v. Montford Unit*, 31 Fed. Appx. 154, 2001 WL 1748211 (5th Cir. 2001).

Also, the Eighth Amendment's prohibition on "cruel and unusual punishments" forbids punishments "which are incompatible with 'the evolving standards of decency that mark the progress of a maturing society' . . . or which 'involve the unnecessary and wanton infliction of pain.'" *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976) (citations omitted). "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

The plaintiffs have not alleged that they have suffered a condition of their confinement nor have they established that the lack of African-American officials at WCI has caused them the unnecessary and wanton infliction of pain. For these reasons, they have failed to allege a claim for cruel and unusual punishment.

Finally, the plaintiffs also appear to allege that the prison officials place inmates on tiers where they have already had altercations. Like any conditions of confinement claim, to establish a failure-to-protect claim under § 1983, the plaintiffs must show that they are incarcerated under conditions posing a substantial risk of serious harm to themselves and that prison officials were deliberately indifferent to their individual need for protection. *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). In order to act with deliberate indifference, "the official must both be aware of facts

from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). The plaintiffs have not alleged that either of them was, or is, in danger of harm or that the prison officials at WCI are aware of a known risk of harm to either of them individually. These claims, too, must be dismissed as frivolous.

For the foregoing reasons, the plaintiffs' claims must be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e.

### IV.     Defendants' Motion to Dismiss

As noted above, the defendants filed a motion seeking dismissal of the plaintiffs' claims for failure to state a claim for which relief can be granted, for failure to state a case and controversy and for lack of standing. Having resolved that the plaintiffs' claims must be dismissed under the Court's review for frivolousness, the defendants' motion should be dismissed as moot.

### V.     Recommendation

It is therefore **RECOMMENDED** that the plaintiffs Robert Harrison's and Isaiah Solomon, Jr.'s § 1983 claims against the defendants, Warden James D. Miller, Jr., Assistant Warden Robert Tanner, Captain John Tullos, and Lieutenant Kellis, be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e(e).

It is further **RECOMMENDED** that the defendants' **Motion to Dismiss Plaintiffs' Complaint For Failure to State a Claim for Which Relief Can Be Granted Pursuant to Rule**

**12(b)(6), Failure to Assert a Case or Controversy and Lack of Standing (Rec. Doc. No. 8)** be **DISMISSED as moot**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this _____ day of _____, 2005.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE